UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br> v. <br><br> JOHN GRENIER <br><br> Defendant. | Civil Action No. _____ |

## NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the right of various copyrighted works to Plaintiff, including the assignment at issued in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013). Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

                    Respectfully submitted,

                    AF Holdings LLC

DATED: April 11, 2013         /s/ Daniel G. Ruggiero

               By: _____
                    Daniel G. Ruggiero
                    *Attorney for Plaintiff*